STATE of Missouri, Respondent,

v.

Billy Joe GARRETT, Lonnie Garrett and Sam Irby, Appellants.

No. 53427.

Supreme Court of Missouri,
Division No. 2.

Dec. 31, 1968.

ficiency of the procedure under the Second Offender Act, and the sufficiency of the evidence of the prior convictions, as detailed below. Defendants also say that the court erred because the verdicts were for "Robbery First Degree" and the sentences were for robbery with a dangerous and deadly weapon.

On the day of the pronouncement of the sentences, August 8, 1967, each defendant was granted 30 days to file motion for new trial. Supreme Court Rule 27.20(a), V.A. M.R. Such motions were filed September 6, 1967, and were expressly overruled on October 10, 1967, after which timely notices of appeal were filed (October 18, 1967).

By Point I, defendants say the trial court erred because no proper findings relevant to said § 556.280 were made at the time of jury trial and consequently the jury should have assessed the punishment. Developing the point, defendants say (1) "Who imposes sentence, the judge or the jury, is a critical matter" (citing Duncan v. Louisiana, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491, 522; Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522, and Byrd v. Blue Ridge Electric Cooperative, Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953); (2) "Missouri law requires the jury to assess punishment except as specified in Section 556.280, and strict compliance with the statute is therefore necessary"; and (3) "As the evidence stood at the time the jury retired, petitioner was entitled to have a jury assess his punishment."

For more than 100 years prior to the enactment of the Second Offender Act in its present form, the Legislature provided that those who had prior convictions should have that fact taken into account by a jury, which upon a finding of that fact would proceed to assess the punishment. The purpose of the prior statutes was to impose heavier penalties on defendants with felony records, State v. Krebs, 336 Mo. 576, 80 S. W.2d 196, 199, and that purpose still remains, "It assesses additional punishment for the subsequent commission of a crime.

Norman H. Anderson, Atty. Gen., Jefferson City, McCormick v. Wilson, Asst. Atty. Gen., Jefferson City, for respondent.

Edward F. O'Herin, New Madrid, Missouri, for appellants.

PRITCHARD, Commissioner.

The original judgments and sentences of these three defendants were set aside and their cases were remanded to the trial court for consideration of the evidence (and of any additional evidence) on prior convictions under the Second Offender Act, § 556.280, RSMo 1959, V.A.M.S., and for appropriate findings thereon by the trial court. See State v. Garrett, Mo., 416 S.W.2d 116, 119, 120. The defendants now challenge the suf-

It seeks to deter subsequent crimes by the same offender." State v. Durham, Mo., 418 S.W.2d 23, 27 [3–5]. To a defendant in court upon a charge of the commission of a felony it may be a critical matter as to who imposes the sentence, the judge or a jury, as defendants here say. The wisdom and fairness of the Second Offender Act in this aspect is for the Legislature, and the policy therefore is not for this court. State v. Spencer, 355 Mo. 65, 195 S.W.2d 99; State v. Humphries, 350 Mo. 938, 169 S.W.2d 350. The case of Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, had no issue of procedure in sentencing a second offender after a finding of guilt of the charge. The Louisiana statute was held bad in that it failed to provide for jury trial in a simple battery charge on the issue of guilt or innocence thereof. Bloom v. State of Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed. 2d 522, involved only the right to jury trial, there upheld, in a charge of serious criminal contempt.

 Here, the basic issue of guilt or innocence of the Robbery First Degree charge was determined by a jury. No denial of jury trial is involved. The constitutionality of said § 556.280 has repeatedly been upheld in its aspect that it does not violate the constitutional provision as to right to trial by jury. State v. Wolfe, Mo., 343 S.W.2d 10 (cert. den. 366 U.S. 953, 81 S.Ct.1912, 6 L.Ed.2d 1246); State v. Maxwell, Mo., 411 S.W.2d 237; State v. Rhodes, Mo., 408 S.W.2d 68. That the 1958 amendment to § 556.280, providing that the trial judge hear evidence of prior convictions, sentence and subsequent imprisonment or fine, parole or probation, outside the hearing of the jury and make determination or finding thereof, prior to submission to the jury, is *procedural* in nature was held in State v. Griffin, Mo., 339 S.W.2d 803 (cert. den. 366 U.S. 938, 81 S.Ct. 1666, 6 L.Ed.2d 849), and in State v. Williams, Mo., 343 S.W.2d 58. There thus arose the practice of reversing and remanding a case for further proceedings in connection with the applicability of the Second Offender Act as was done in State v. Hill, Mo., 371 S.W.2d 278; State v. Kent, Mo., 382 S.W.2d 606; State v. Crow, Mo., 388 S.W.2d 817; and in this case (416 S.W.2d 116) on its original appeal. Under these cases, if the evidence of prior convictions, the sentence and subsequent imprisonment or fine, parole or probation, is sufficient, and proper findings are made by the trial court thereon, he may proceed with resentencing. If the facts are not so found by the trial court, a new trial must be awarded with the matter of punishment being submitted to the jury (if on new trial there is no sufficient evidence of prior convictions). What is meant by the statement in the cases that the "Second offense statute is highly penal and must be strictly construed" (cf. State v. Wiley, Mo., 412 S.W.2d 485, 487 [1–3]) is that it must be pleaded and proved and proper findings of its applicability be made. The mandatory nature of the statute then comes into play: If the proof should fail, then punishment shall be assessed by a jury on the offense for which the defendant is on trial. If the proof and findings shall be sufficient, then the trial judge shall assess the punishment.

 Here, there was no issue preserved upon the first appeal (loc. cit. 416 S.W.2d 120 [7–9]) as to the sufficiency of the proof of prior convictions, but no proper findings were made by the trial judge, hence the reversal and remand of the case for further proceedings in accordance with State v. Hill, supra. It is not a situation where the prosecution is "entitled to two bites at the apple," as defendants contend. First was had the substantive matter of guilt or innocence determined by the jury, and then the procedural reconsideration of the evidence of prior convictions with appropriate findings thereon being made. In Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100, the issue was one of double jeopardy of defendant on the basic charge where the state announced ready for trial, and then asked and was granted a discharge of the jury on the ground of the absence of a prosecution's key witness. The court held that there was no "imperious necessity" in

discharging the first jury and empaneling a second. No issue as to sentencing procedure was there presented. Point I is overruled.

■ By Point II, defendants say that evidence of out-of-state convictions should not have been received because there was no showing that the same came about as a result of grand jury indictments. The Second Offender Acts (§ 556.280 and § 556.290, RSMo 1959, V.A.M.S.) make no reference to that requirement. Extradition statutes have no relevance, as claimed. There is no merit in the contention and it is overruled.

■ It is not here contended that any new evidence of *unpleaded* prior convictions was received at the resentencing hearing. Bridges v. State, 197 Kan. 704, 421 P.2d 45, where a new felony conviction in Russell County, Kansas, was first brought into the case when defendant appeared for correction of a sentence, is inapplicable. Here, although objections to the introduction of exhibits of records of previous convictions in and without this state were made at the trial, they were overruled. The only matter presented upon the first appeal was that of proof of venue. No issue was made and presented as to the admissibility of the documents concerning prior convictions—"The objections were overruled and they have not been properly preserved upon this appeal." Loc. cit. 416 S.W.2d 120 [7–9]. Any point as to the admissibility of the documents was thus waived or abandoned. State v. Napper, Mo., 381 S.W.2d 789, 792 [5]; State v. Jones, Mo., 386 S.W.2d 111, 115 [10]. The remand in this case was limited to a consideration of the evidence already submitted (and any additional evidence) and for appropriate findings thereon. Defendants may not ordinarily reopen the matter as originally abandoned or waived on the first appeal. However, since if the proof of prior convictions was not sufficient, defendants would have the right under the law to have punishment assessed by the jury and not the trial judge, the matter may be inquired into under Supreme Court Rule 27.20, V.A.M.R., to ascertain if there has been any plain error affecting defendants' substantial rights. As to Sam Irby, these documents were admitted into evidence: (1) Certified copies of the circuit court records of Mississippi County, Missouri, showing a charge, sentence and judgment of two years imprisonment of Sammie Irby for statutory rape, and of the Department of Corrections showing that he was received therein November 15, 1957, and discharged December 24, 1958; (2) Mississippi County, Missouri, circuit court records, certified, of a judgment and sentence of two years for car theft, and a certified copy of the Department of Corrections record showing that Sammie P. Irby was received September 21, 1952 (sentence was September 18, 1956), and paroled June 21, 1957; (3) certified copy of Florida State Prison records showing Sammie P. Irby was in 1959 convicted of auto theft and sentenced and imprisoned (April 14, 1959); and (4) certified copy of California State Penitentiary records showing Sammy Preston Irby was convicted of robbery, first degree, sentenced and confined therefor. Irby was named in the amended information by all of these aliases. As to Billy Joe Garrett, these documents were admitted into evidence: (1) Certified copies of the circuit court records of Mississippi County, Missouri, showing a charge of escape from jail, judgment of conviction and sentence therefor of 3 years, and certified record of the Department of Corrections showing he was there received August 19, 1955, and released August 24, 1957; (2) certified copy of the Louisiana State Penitentiary record showing he was convicted and sentenced to 18 months imprisonment for aggravated burglary of an inhabited dwelling and was received in the penitentiary July 14, 1954; and (3) certified copy of the Louisiana State Penitentiary records showing he was convicted and sentenced to life imprisonment for murder, was received in the penitentiary March 6, 1959. The Louisiana court records are certified in accordance with the Acts of Congress requiring

full faith and credit. As to Lonnie Garrett, the certified copies of Mississippi County, Missouri court records and of the Department of Corrections show he was convicted and sentenced to 4 years imprisonment for burglary and larceny, and was received by the Department on August 6, 1959. In addition to this record evidence, in the trial of defendants, Deputy Sheriff Irvin Smith testified that he had from 1954 to June, 1959, transported them to the penitentiary. See State v. Witt, Mo., 371 S.W.2d 215, 220 [10, 11]. These documents were all duly authenticated, and with respect to the out-of-state convictions, in accordance with State v. Hagerman, Mo., 244 S.W.2d 49, and State v. Gray, Mo., 423 S.W.2d 776. Identity of names of the persons charged and in the records of previous convictions is prima facie evidence of identity. State v. Martin, Mo., 395 S.W.2d 97. There was sufficient proof of prior convictions as to all defendants, and there is no error in receiving the same. Points III and IV, now challenging the admissibility of the documentary evidence of prior convictions, are overruled.

■ The amended information here charged the defendants with robbery by means of a dangerous and deadly weapon, a .22 caliber revolver. The verdicts of the jury found each defendant "guilty of Robbery 1st. Degree." In the first trial, during allocution, the court *informed* the defendants that they had been found "guilty as charged," and they were first sentenced as follows: Lonnie Garrett, 30 years confinement; Sam Irby, 40 years confinement; and Billy Joe Garrett, 50 years confinement (all in the custody of the Department of Corrections). These judgments and sentences were, of course, set aside and the case was remanded for appropriate findings on prior convictions. After resentencing procedure was completed, and a finding was made of the existence of prior convictions and that each defendant had been imprisoned therefor, the court inquired of each if there were any legal cause why the sentence should not be passed at that time.

None being stated, Sam Irby was sentenced to 40 years, Lonnie Garrett to 20 years, and Billy Jo Garrett to 50 years. Defendants were not then advised of the jury's verdicts. Defendants say "The Court determined the punishment for each defendant after the prosecutor told the Court 'this is a capital offense' and the prosecutor recommended the death sentence (1st tr. 84). It would appear from the record that the Trial Judge considered these defendants to have been convicted of a capital offense and that inasmuch as this Judge determined the sentences rather than the jury that the defendants were sentenced for capital offenses for which they were not convicted by the jury."

The state answers defendants' contentions with the citation of State v. Salisbury, Mo., 43 S.W.2d 1021, 1024, which holds that a defendant charged with robbery in the first degree by means of a dangerous and deadly weapon may be convicted of robbery in the first degree (as was done here). State v. Shuls, 329 Mo. 245, 44 S.W.2d 94, 96, holds that the act may be committed with or without a dangerous and deadly weapon. If the act is committed with a dangerous and deadly weapon, the provisions of § 560.135, RSMo 1959, V.A.M.S., for enhanced punishment may apply, otherwise not. Here, the punishment given by the court is within the limit of 5 years to life for robbery in the first degree. Furthermore, the sentences are stated in the present record as being in accordance with the verdicts. No error appears, and Point V is overruled.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

FINCH, P. J., and DONNELLY, EAGER and HOLMAN, JJ., concur.