**Billy Joe GARRETT, Lonnie Garrett and Sam Irby, Movants-Appellants,**

v.

**STATE of Missouri, Respondent.**

No. 55507.

Supreme Court of Missouri, Division No. 2.

Nov. 9, 1970.

Edward F. O'Herin, New Madrid, for appellants.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

Billy Joe Garrett, Sam Irby and Lonnie Garrett were found guilty of robbery in the first degree and since they all had prior felony convictions the court on January 25, 1966, fixed their punishment: Billy Joe at 40 years' imprisonment, Sam 30 years and Lonnie 20 years. Their convictions and sentences were affirmed on appeal in State v. Garrett, Mo., 416 S.W.2d 116. The sufficiency of the amended information was not considered on that appeal but aside from the allegations with respect to their prior felony records the transcript on that appeal shows that it alleged that on October 27, 1965, the three of them "did then and there unlawfully, feloniously, wilfully and maliciously rob, take, steal and carry away the lawful money and personal property of one Larry Richards, the said Larry Richards having then and there in his possession and control a certain sum of money, to wit, the sum of $6.00, by putting the said Larry Richards in fear of immediate injury to his life and limb and person, by then and there pointing at and towards the said Larry Richards a certain dangerous and deadly weapon, to wit, a twenty-*to* caliber revolver, which they, the said Billy Joe Garrett * * * Lonnie Garrett and Sam Irby * * * and each of them, then and there had and held in their hands, and then and there $6.00 in good and lawful money of the United States, and of the value of $6.00, the money and personal property of the said Larry Richards, from the person, in the presence of and against the will of the said Larry Richards then and there by force and violence to the person of said Larry Richards, and by putting the said Larry Richards in fear of some immediate injury to his person, to wit, by the means and use of the twenty-two caliber revolver aforesaid, feloniously did rob, steal, take and carry away * * *." Despite its archaic prolixity the information charged the substantive offense of robbery in the first degree and there would have been no reason or basis for their trial counsel attacking it.

State v. Reed, Mo., 452 S.W.2d 71; State v. Jaeger, Mo., 394 S.W.2d 347. In 1968 Billy Joe, Sam and Lonnie instituted a 27.26 proceeding in which they attacked the procedure and sufficiency of the evidence with respect to their prior felony records and the invocation of the habitual criminal act, RSMo 1969, § 556.280, V.A.M.S., and after a hearing and appeal, represented by their present counsel, the order denying post-conviction relief was affirmed in State v. Garrett, Mo., 435 S.W.2d 662.

In April 1969 they instituted this a second 27.26 proceeding in which because of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, they again challenge the invocation of the second offender act in their robbery trial. The challenge of the motion as to Billy Joe is with respect to a 1952 Mississippi County conviction and sentence for "jailbreak." The allegation is that he had not waived and was not represented, despite the record, by counsel. Sam Irby for the same reason challenged a 1956 conviction of stealing an automobile. And Lonnie on the same ground attacked a 1959 burglary and larceny conviction in Mississippi County. In this connection they now also claim ineffective assistance of counsel in that their lawyer did not obtain a severance, and thus by reason of their prior felony records were "deprived the right to testify in their own behalf because of the prior convictions being prejudicial to the other codefendants." Thus the crux of the case, dispositive of all issues, is whether they were in fact represented by counsel in one or more of the alleged, proven and court-found felonies.

■ In their allegations and throughout the hearing of this proceeding, as indicated, Billy Joe Garrett and Sam Irby attack only their Mississippi County convictions in 1952 and 1956, claiming that in those cases they were not represented by counsel and that under Burgett v. Texas they are entitled to have the robbery convictions set aside and a new trial by a jury. The insuperable difficulty with the claims of Billy Joe and Sam is that in the robbery case the state alleged numerous other felony convictions and these convictions with counsel were proved and found in the principal trial by the judge as well as upon this 27.26 proceeding and they are not challenged here. As to Billy Joe there was a 1954 burglary conviction with counsel by a jury in Louisiana and a sentence of eighteen months. In 1959 there was a conviction of murder and a sentence of life imprisonment in Louisiana from which he escaped. As to Sam or "Sammie" Irby's prior convictions, with counsel, were alleged, established and found in Florida in April 1959 and a robbery conviction in California in 1962. In these circumstances as to Billy Joe and Sam, their cases having been tried in 1966 after the amendment of the habitual criminal act in 1959 (RSMo 1969, § 556.280), the prior offenses were not found by or submitted to the jury, they were separately found by the court and Burgett v. Texas has no application and denial of relief as to them is affirmed. Compare Beto v. Stacks, 5 Cir., 408 F.2d 313; State v. Haislip, Wash., 467 P.2d 284, both of which should be noted on a rehearing of Lonnie's case.

This is not the precise situation as to Lonnie, as to him only one prior conviction was alleged, established and found and that was a plea of guilty to burglary and larceny and a sentence of two years on each offense in Mississippi County on June 9, 1959. The record in his case in the 1959 conviction and here recites "comes the defendant herein, in person * * * and in the presence of T. B. Russell, his attorney, in open court, T. B. Russell, a member of the Bar of this Court, having heretofore been appointed by the Court to represent the defendant * * *." The problem arises in these circumstances: the state alleged and introduced in evidence in this proceeding, exhibit "H", in the principal trial exhibit "HH", the information, sentence and judgment of Lonnie's

1959 burglary and stealing sentence together with the Department of Corrections' transcript of his prison record and discharge on September 1, 1961. In this proceeding, Lonnie attempting to testify in support of his motion, identified himself and when his lawyer directed his attention to paragraph 9(a) of his motion and the allegation that he was not represented by counsel in 1959 the prosecuting attorney objected "as we have objected to the other two witnesses (Billy Joe and Sam), that *this is not the best record. The judgment itself speaks for itself, and it is the best record,* and therefore, we object to any testimony about what took place at the original sentencing." The court sustained the objection "as to those matters where there are records available as being the best evidence." The theory of the state is best indicated in the objection to Billy Joe's oral testimony that he was without counsel in 1952: "Your Honor, on behalf of the State, we are going to object to this testimony because the record speaks for itself, and the records are available and were filed in the original case. The records showed whether or not this man was represented by counsel." The court ruled and this was the court's basic theory throughout: "The record would be the best evidence; there isn't any doubt about that." The court made no additional comment in ruling on Lonnie's conviction, the court did add in ruling on Billy Joe's offered testimony "The Court would not give much weight or any weight, really, to testimony where the record could be produced rather than testimony by this witness, *so the objection will be sustained and the record may stand as having been offered,* however, but the *objection will be sustained.*" (Emphasis supplied.) Thus the testimony of Lonnie as well as that of Billy Joe and Sam that despite the record they were not represented by counsel in their 1952 and 1959 Missouri convictions was permitted only as an "offer of proof." To make the subject matter and problem perfectly clear the court in its detailed finding of fact as to Lonnie found that on June 9, 1959, he entered a plea of guilty to burglary and stealing in Mississippi County; *that the record, (Exhibit HH)* was as follows: "Now this day comes the State * * * also comes the defendant herein, in person * * * and in the presence of *T. B. Russell, his attorney, in open Court, T. B. Russell, a member of the Bar of this Court* (this italics by the Court) having heretofore been appointed by the Court to represent the defendant * * *." In its conclusions of law the court noted as to their claim of no counsel thus invalidating their prior convictions: "We find no Missouri cases holding that there is such a requirement." The court added: "However, the facts in this case do not bear out the contention of the movants." Nevertheless the court concluded *"The exhibits introduced at their trial and again at their hearing herein show * * ** (3) as to Lonnie Garrett, when he entered a plea of guilty to burglary and stealing in Mississippi County, Missouri, on June 9, 1959, and was sentenced to two years for burglary and two years for stealing, he was represented by T. B. Russell, a member of the bar. (Exhibit HH.)" The court then referred to other prior convictions, only one being required to invoke the habitual criminal act, and said, "Those facts were true as to all three movants" even though only one prior conviction was alleged or shown as to Lonnie.

The state in its brief as to Lonnie only says that "the trial court found to be a *matter of record* that he was represented by counsel in his one prior conviction." From the court's statement in commenting on Billy Joe's offer of proof it could be argued, impliedly at least, that as in Walster v. State, Mo., 438 S.W.2d 1, the "court did not believe this part of movant's testimony." And this is not to say that the court may not make the factual finding on credibility of the witness as against the solemn record. The difficulty here is that as to Lonnie certainly no such finding was spelled out. The state cites no federal cases, in addition to the Walster

case the state relies on State v. Keeble, Mo., 399 S.W.2d 118. The Keeble case antedates Burgett v. Texas and necessarily has been modified by that case as well as by others.

Burgett v. Texas is distinguishable in that there the record was silent and "(p)resuming waiver of counsel from a silent record is impermissible." It must be added, however, that the prosecuting attorney's theory in this proceeding, as indicated by his objection, is contrary to the basic theory of Burgett v. Texas. The controlling case and principles are set forth in the February 1969 opinion of the Eighth Circuit Court of Appeals, Losieau v. Sigler, 8 Cir., 406 F.2d 795, involving nine or more prior convictions in Nebraska. The Nebraska habitual criminal act is unlike Missouri's act, but in that case the prisoner sought to set aside certain prior felony convictions so that under the Nebraska law his sentences would terminate in 1982 rather than in 1987. It is not necessary to detail the circumstances of that case or to quote from it at length, it does, however, apply the underlying principles of Burgett v. Texas. And a distinction is made when a prior record shows no counsel and a record showing counsel: "Where the record, as here, affirmatively demonstrates the accused was represented by counsel, the petitioner has the burden of impeaching the record." (406 F.2d l. c. 801.) And in that circumstance when the court finds that petitioner has not met his burden and the finding is supported "the record will not be overturned." But when "the record is silent as to the presence of counsel at a critical stage" (there sentencing) "Burgett must be read as holding that where the record is silent as to whether an accused was furnished counsel at a critical stage *and where the accused introduces evidence tending to show that he was not in fact so represented, the burden then shifts to the state to prove, by a fair preponderance of the evidence, that the accused was rep-*

*resented."* (406 F.2d l. c. 803, emphasis supplied.) These brief excerpts are sufficient to demonstrate that the court did not make the necessary finding of fact, as a fact, that in his 1959 conviction of burglary and larceny Lonnie was represented by counsel. It is not the type of factual finding to which the federal courts will defer, Goodwin v. Swenson, D.C., 287 F. Supp. 166, 169. In view of the available proof another or further hearing in Lonnie's case may be an expensive exercise in futility but a finding as a fact, in contrast to a finding based solely on the application from the law of evidence of the best evidence rule, that he was represented by counsel in 1959 is required by Losieau v. Sigler and other controlling cases.

In accordance with these views the judgments as to Billy Joe Garrett and Sam Irby are affirmed while the judgment as to Lonnie Garrett is reversed and remanded for a hearing and finding of fact consistent with this opinion and particularly with Losieau v. Sigler and Beto v. Stacks, supra.

STOCKARD, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

DONNELLY, P. J., MORGAN, J., and SPRINKLE, Special Judge, concur.

FINCH, J., concurs in separate concurring opinion filed.

FINCH, Judge (concurring).

I concur in the principal opinion herein with the understanding that it holds that Lonnie Garrett is entitled on remand to an evidentiary hearing on the issue of whether

he was represented by counsel at the time of his conviction of burglary and larceny in 1959, and that the case is not remanded merely for a finding of fact on that issue.

Defendant is entitled to an evidentiary hearing, at which he has the right to testify as to whether he had counsel in that case. He has the right to undertake to impeach the court record which recites that Lonnie was represented by T. B. Russell. S.Ct. Rule 27.26(e), V.A.M.R.; State v. Garner, Mo., 412 S.W.2d 155. The question of whether defendant had counsel is a fact issue for determination by the trial court on the basis of the court record and such other evidence as is offered. As the principal opinion properly observes, "Where the record, as here, affirmatively demonstrates the accused was represented by counsel, the petitioner has the burden of impeaching the record." Losieau v. Sigler, 8 Cir., 406 F.2d 795, 801.