331 F.Supp. 1197 (1971)
Billy Joe GARRETT, Reg. No. 14044, Petitioner,
v.
Harold R. SWENSON, Warden, Missouri State Penitentiary, Respondent.
No. S 71 C 39.
United States District Court, E. D. Missouri, Southeastern Division.
August 25, 1971.
*1198 Billy Joe Garrett, pro se.
John C. Danforth, Atty. Gen., State of Mo., Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM OPINION AND ORDER
REGAN, District Judge.
For consideration is the petition of Billy Joe Garrett, presently confined in the Missouri State Penitentiary, which challenges the validity of his conviction and sentence in the Circuit Court of New Madrid County, Missouri.
Petitioner and two other defendants (Sam Irby and Lonnie Garrett) were jointly charged with robbery in the first degree by means of a dangerous and deadly weapon. Upon a trial to a jury, each of the defendants charged was found guilty of robbery in the first degree and each was sentenced by the Court under the Missouri Second Offender Act (also known as the Habitual Criminal Act), Section 556.280 RSMo., V.A.M.S. An appeal to the Missouri Supreme Court in which petitioner and co-defendants were represented by counsel other than their trial attorney resulted in a reversal of the original judgment and a remand of the case to the trial court for further proceedings by reason of the failure of that court to make the findings which were necessary to make the Second Offender Act applicable. State v. Garrett, Mo., 416 S.W.2d 116.
On remand a further hearing was held pursuant to the mandate of the Missouri *1199 Supreme Court, following which the trial court made the appropriate findings and each defendant was re-sentenced. A renewed appeal proved unsuccessful. State v. Garrett, Mo., 435 S.W.2d 662. A post-conviction motion filed under Missouri Supreme Court Rule 27.26, V.A.M.R., also proved unavailing. Garrett v. State, Mo., 459 S.W.2d 378.
Copies of the transcripts of the trial proceeding and all of the subsequent hearings have been filed in this Court and have been carefully read. At petitioner's Rule 27.26 proceeding, he was represented by the court-appointed attorney who had handled his second appeal, and at the conclusion of that hearing petitioner stated that he was satisfied with the services of this attorney.
Petitioner asserts that he was denied effective assistance of counsel. At the hearing afforded him by the state court on his Rule 27.26 motion, petitioner was expressly afforded an opportunity to present whatever pertinent information which was available to him. On the issue of ineffective representation, petitioner testified in substance as follows: (1) Counsel "should have" raised the question of the sufficiency of the information "where an illegal, unconstitutional prior conviction was charged therein." (2) Petitioner asked counsel to "disqualify himself * * * he said he couldn't disqualify himself; the Judge wouldn't let him disqualify himself." (3) Counsel failed to seek a severance in spite of the fact that all defendants told him they would like to be tried separately. (4) Counsel advised defendants that "it would be best if we didn't take the stand * * * as you done got the other conviction."[1]
We consider these complaints seriatim. (1) We note that under Missouri Supreme Court Rule 28.02, the sufficiency of the information is for determination by the Supreme Court in every case, no assignment of error on appeal in respect thereto being necessary. Apparently, the Missouri Supreme Court complied with this request. See State v. Garrett, 416 S.W.2d l. c. 420. More importantly, in Garrett v. State, 459 S.W.2d 379, the Court expressly considered the sufficiency of the information and ruled that "despite its archaic prolixity, the information charged the substantive offense of robbery in the first degree and there would have been no reason or basis for their trial counsel attacking it." Our own examination of the information confirms the correctness of this finding.
What petitioner is really charging is that counsel did not preserve for appeal the question of the admissibility of his prior conviction and sentence in Mississippi County, Missouri, for "jailbreak." As is held, infra, petitioner could not have been prejudiced by this failure of his counsel, even if we assume that counsel was then aware of the ground on which petitioner now bases his claim of the invalidity of the Mississippi County conviction.[2]
(2) The asserted failure of counsel to "disqualify" himself was not alleged as a ground for relief in the Rule 27.26 motion nor was it referred to in the decisions of the state courts, so that it would appear that petitioner has not exhausted any state remedy he might have in respect thereto. Additionally, petitioner did not in his testimony nor does he in this Court assign any reasons for requesting his court-appointed trial counsel to "leave the case." Nor does counsel's refusal to withdraw either voluntarily or by reason of the denial by the trial court of leave to do so evidence "ineffective representation."
*1200 (3) and (4) may be considered together. Whether a defendant should move for a severance or should testify in his own defense are matters of trial strategy or tactics on the part of counsel not to be raised in hindsight absent a showing of bad faith, not here present. We take note of the following record which was made at the trial proceeding in the absence of the jury after the state had rested its case.
"Mr. Bock: * * * I want it in the record at this time that I have advised the defendants that in my opinion it is not wise for them to take the stand. I have also advised them they have a right to take the witness stand if any of them so desire. I want them at this time to express their opinions as to whether they desire to take the witness stand and testify or not.
The Court: One at the time. Billy Joe Garrett, do you desire to take the witness stand?
Billy Joe Garrett: No.
The Court: Lonnie Garrett, do you desire to testify and take the witness stand?
Lonnie Garrett: No.
The Court: Sam Irby, you do not desire to testify either?
Sam Irby: No, sir."[3]
It would appear to be petitioner's position that although the mere failure of counsel to move for severance may not demonstrate inadequacy of counsel, his failure to do so when requested by petitioner of itself "shows the inadequacy of the counsel" (quoted from petitioner's Traverse). We do not agree. Appointed counsel, no more than retained counsel, are not required to act as dummies in the hands of their clients nor are they debarred from exercising their own professional judgment. The record in this case does not warrant habeas corpus relief on the ground of ineffective representation by counsel.
Petitioner further alleges that the Missouri Habitual Criminal Act was inapplicable, under Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, in that one of the prior convictions alleged and proved against him was invalid because he was not represented by counsel therein. Wholly aside from the fact that the court record of that case is to the contrary (although we make no finding as to the correctness vel non of that record), the contention is adequately disposed of in the opinion of the Missouri Supreme Court (459 S.W.2d l. c. 380) in the following language with which we agree: "The insuperable difficulty with the claims of Billy Joe Garrett and Sam is that in the robbery case the state alleged numerous other felony convictions and these convictions were proved and found in the principal trial by the judge as well as upon this 27.26 proceeding and they are not challenged here. As to Billy Joe there was a 1954 burglary conviction with counsel by a jury in Louisiana and a sentence of eighteen months. In 1959 there was a conviction of murder and sentence of life imprisonment in Louisiana from which he escaped."[4] Of further importance is the fact that these prior offenses, the validity of which is here not challenged were neither submitted to or found by the jury at petitioner's *1201 trial but were separately found by the court under the procedures prescribed by the Missouri statute, so that Burgett v. Texas, supra, could have no application under any theory.
Another ground petitioner alleges is that he was deprived of the right granted by the Sixth and Fourteenth Amendments of a public trial by an impartial jury of the state and district within which the crime was committed. Petitioner's theory is that the proof as to venue was insufficient. The crime was allegedly committed in New Madrid County, Missouri. It appears to be petitioner's contention that the evidence adduced at the trial did not sufficiently establish that the offense did not take place in the adjoining County of Mississippi. The relevant evidence as contained in the trial transcript was correctly summarized by the Missouri Supreme Court in State v. Garrett, 416 S.W.2d 116, and we agree with its conclusions that the jury was reasonably entitled to infer and find therefrom that the actual robbery occurred more than two miles inside New Madrid County. This point is also disallowed.
The remaining ground urged by petitioner is that he was sentenced for robbery first degree by means of a dangerous and deadly weapon, although the jury found him guilty only of first degree robbery. However, not only was sentence as imposed after remand in accordance with the actual verdict of the jury, but, as noted by the Missouri Supreme Court in its opinion, the sentence was within the statutory limits of 5 years to life imprisonment for robbery in the first degree. The issue is one of interpretation of state law (Section 560.135 RSMo., V.A.M.S.) no federal constitutional right being involved.
No further hearing in this Court is required. The petition for a writ of habeas corpus should be and it is hereby denied.
NOTES
[1] Petitioner also testified that counsel failed to "properly object to certain [unspecified] errors." In this connection, petitioner was asked "Do you have any more facts in reference to what those facts were, anything else you want to say?" to which he answered, "No, sir."
[2] The trial of this case was held in 1965. The claim of invalidity of the conviction was based upon the decision of the United States Supreme Court in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319, decided in 1967.
[3] Both petitioner and Irby had several prior convictions of record, while Lonnie Garrett had but one which was valid on its face.
[4] A related contention of petitioner is that he was not permitted to testify at the post-conviction hearing in the state court, other than by way of offer of proof, concerning his contention that despite the record, he was not represented by the counsel on his Mississippi County prior conviction. Any error in this respect is also mooted by the fact of the unquestioned validity of his Louisiana convictions to which the proferred testimony did not relate.