**Billy Joe GARRETT, Appellant,**

v.

**Harold R. SWENSON, Warden, Appellee.**

**No. 71–1559.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 18, 1972.

Decided May 16, 1972.

**465**

———————◆———————

Robert Popper, Kansas City, Mo., for appellant.

Kenneth M. Romines, Asst. Atty. Gen., John C. Danforth, Atty. Gen., Jefferson City, Mo., for appellee.

Before BREITENSTEIN,* BRIGHT, and STEPHENSON, Circuit Judges.

PER CURIAM.

Billy Joe Garrett appeals from an order of the district court denying his petition for habeas corpus relief. Gar-

———

* Of the Tenth Circuit, sitting by designation.

1. See State v. Garrett, 416 S.W.2d 116 (Mo.1967); State v. Garrett, 435 S.W.2d 662 (Mo.1968); Garrett v. State, 459 S. W.2d 378 (Mo.1970).

2. These issues are:
   1) Whether petitioner was denied due process of law because the trial court allegedly sentenced him under the wrong statute by mistake;

rett v. Swenson, 331 F.Supp. 1197 (E.D. Mo.1971). Petitioner was convicted of robbery by a jury in the Circuit Court of New Madrid County, Missouri. The trial court imposed a sentence of fifty years imprisonment. Following three unsuccessful appeals to the Missouri Supreme Court, petitioner filed the instant habeas corpus petition.[1]

Petitioner raises five issues for review. We discuss only one issue here: whether petitioner is entitled to have his sentence reconsidered because the trial court considered an allegedly invalid conviction in imposing sentence. We have thoroughly reviewed the remaining issues raised by petitioner and find them either to be without merit or to present no constitutional question.[2]

Before imposing sentence on petitioner, the trial judge questioned the prosecutor about petitioner's prior criminal record. The prosecutor informed the judge that petitioner had suffered three prior felony convictions. One of these three convictions was a 1952 conviction for jail breaking. Petitioner asserts that this conviction is constitutionally invalid because he was not afforded the right to counsel at the 1952 proceeding. Neither the Missouri Supreme Court nor the District Court determined whether petitioner was represented by counsel at the 1952 proceeding. Instead, both courts assumed that, because petitioner had suffered two other unchallenged convictions, he was not entitled to any relief. The Missouri Supreme Court said:

The insuperable difficulty with the [claim] of Billy Joe [Garrett] * * is that * * * the state alleged numerous other felony convictions and

2) Whether petitioner was denied due process of law because the state allegedly utilized unfair procedures on petitioner's post-conviction motion in the state court;
3) Whether petitioner received a fair hearing in the state court on his constitutional claim; and
4) Whether petitioner was denied effective assistance of counsel.

these convictions with counsel were proved and found in the principal trial by the judge * * * and they are not challenged here. [Garrett v. State, 459 S.W.2d 378, 380 (Mo.1970)]

The District Court's decision was based on essentially the same reasoning.

This reasoning cannot be squared with the Supreme Court's recent decision in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The Court there made clear that a sentence which is tainted by a trial judge's consideration of a constitutionally invalid conviction cannot stand. In *Tucker,* only two of the three convictions which the trial judge considered were conclusively determined to be invalid. The government argued that, given the trial judge's knowledge of the defendant's prior valid conviction and past conduct, a remand for resentencing would be a futile exercise. The Court soundly rejected this argument, stating:

[I]f the trial judge * * * had been aware of the constitutional infirmity of two of the previous convictions, the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding. Instead of confronting a defendant who had been legally convicted of three previous felonies, the judge would have then been dealing with a man who, beginning at age 17, had been unconstitutionally imprisoned for more than ten years, including five and one-half years on a chain gang. We cannot agree with the government that a re-evaluation of the respondent's sentence by the District Court even at this late date will be either "artificial" or "unrealistic." [404 U.S. at 448–449, 92 S.Ct. at 592 (footnotes omitted)]

If petitioner can establish that he was not afforded the right to counsel at the 1952 proceeding, he is entitled under *Tucker* to have his sentence reconsidered.[3] Since petitioner's claim has not yet been considered, we remand this case with an instruction to the district court to hold an evidentiary hearing on petitioner's claim.[4]

---

3. Counsel for the state argues that reconsideration of petitioner's sentence is foreclosed by this court's decision in Gerberding v. Swenson, 435 F.2d 368 (8th Cir. 1970), cert. denied, 403 U.S. 906, 91 S.Ct. 2211, 29 L.Ed.2d 682 (1971). That decision is clearly distinguishable from the case before us, however. In *Gerberding,* the trial judge, after considering three prior felony convictions, sentenced the defendant to serve the maximum sentence provided for the offense, as was required by the Missouri Second Offender Act in effect at that time. *See* Mo.Ann. Stat. § 556.280 (1949). The defendant sought review of his sentence, arguing that one of the prior convictions was constitutionally invalid. This court denied relief on the narrow ground that the defendant had not been prejudiced by the consideration of the invalid conviction because, under the Missouri Second Offender Act, the trial judge was required to impose the maximum sentence even if only one conviction were valid.

The Missouri Second Offender Act was amended in 1959. See Mo.Ann.Stat. § 556.280 (1959). The Act no longer requires a trial judge to impose the maximum sentence provided for an offense if the offender is a prior felon. Instead, it vests the trial judge with the power to exercise discretion in sentencing prior felons. The reasoning of *Gerberding* is plainly inapplicable to cases involving discretionary sentencing.

4. During oral argument, counsel for the state advised the court that the question whether petitioner was afforded counsel at the 1952 proceeding is presently being considered by a Missouri court in a coram nobis proceeding. Assuming that the facts are adequately developed in the coram nobis proceeding, we see no reason why the district court may not rely upon the record made there in resolving this case on remand.