361 F.Supp. 167 (1973)
Sammie Preston IRBY, Petitioner,
v.
Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.
No. 72 C 752(3).
United States District Court, E. D. Missouri, E. D.
April 24, 1973.
Sammie Preston Irby, pro se.
John C. Danforth, Atty. Gen. of State of Missouri, Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDER
WEBSTER, District Judge.
This matter is before the court on the motion of petitioner under 28 U.S.C. § 2250 for an order directing the clerk to furnish petitioner without cost certified copies of respondent's Exhibits A-I and copies of the opinions of the Missouri Supreme Court in three cases all styled State v. Garrett, Garrett and Irby, reported at 416 S.W.2d 116 (Mo.1967), 435 S.W.2d 662 (Mo.1968), and 459 S.W.2d 378 (Mo.1970).
Title 28, § 2250 provides:
"If on application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending."
There are very few reported cases construing § 2250. In Cassidy v. United States, 304 F.Supp. 864 (E.D.Mo.1969), aff'd, 428 F.2d 585 (8th Cir. 1970), Judge Harper stated the general rule regarding the application of this section:
"The matter of granting a motion to produce copies of documents under Section 2250, and if granted, what copies are to be furnished, is within the discretion of the court. Congress did not intend that documents should be furnished without a showing of need." 304 F.Supp. at 867-868.
*168 Petitioner alleges that he is entitled to be resentenced by the state court because one or more of his previous convictions was obtained in violation of his right to counsel, see Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and then used to enhance his present sentence under Missouri's habitual offender act. See United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). In the Return to the Order to Show Cause, respondent contends that petitioner has failed to exhaust available state remedies as to the contention he presents in the instant case. Respondent argues that the question decided in State v. Garrett, 459 S. W.2d 378 (Mo.1970), on a motion for post-conviction relief under Missouri Supreme Court Rule 27.26, V.A.M.R., was whether petitioner was properly proceeded against under Missouri's habitual criminal act because the state court allegedly relied on previous convictions obtained in violation of the right to counsel for the application of the act. Respondent argues that the question is different from the one presented in the instant case because here Irby contends that the alleged constitutionally infirm convictions were used to enhance the magnitude of punishment. The court expresses no view on the exhaustion question at this time.
Petitioner states in his motion that he wishes to file a Traverse to the Respondent's Return to the Order to Show Cause. Petitioner expressly states that he wishes to address himself to the exhaustion question and that he cannot do so without copies of the items set out in his motion. Exhibit G is a copy of the transcript of the proceedings on the 27.26 motion considered in State v. Garrett, Mo., 459 S.W.2d 378. This Exhibit would clearly provide pertinent information regarding the issues litigated in that case, and consequently the exhaustion question presented here. Exhibits B, C, E, F, H and I are the briefs of both sides in the three Garrett cases referred to above. These briefs are material in determining precisely what issues have been raised and argued before the Missouri Supreme Court and, consequently, are relevant to the exhaustion question. Irby filed with his petition two transcripts which are identical copies of respondent's Exhibits A and D. Copies of the opinions in the three cases all styled State v. Garrett are not "on file in [the clerk's] office" 28 U.S.C. § 2250. The clerk is hereby ordered to furnish to the petitioner without cost certified copies of respondent's Exhibits B, C, E, F, G, H and I. As to those Exhibits, the motion is granted. The motion is denied as to Exhibits A and D, but the clerk is hereby ordered to return to Irby the two transcripts which correspond to those Exhibits and which were filed with Irby's petition. The motion is denied as to the request for copies of the three cases styled State v. Garrett because copies of those cases are not on file in the clerk's office.
So ordered.