Edward F. O'Herin, New Madrid, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Neil MacFarland, Asst. Attys. Gen., Jefferson City, for respondent.

**Lonnie GARRETT, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 9341.**

Missouri Court of Appeals, Springfield District.

Nov. 21, 1973.

STONE, Judge.

This second appeal in a Rule 27.26 [1] proceeding instituted by Lonnie Garrett (hereinafter movant) may be identified preliminarily as the case in which the Supreme Court of Missouri, by judicial construction of the language "in all appeals involving offenses punishable by a sentence of death or life imprisonment" in Article 5, § 3, of the Missouri Constitution, V.A.M.S., as amended, declared it had no original appellate jurisdiction in criminal cases, with the (then) possible exception of a miniscule remnant [Garrett v. State, 481 S.W.2d 225 (Mo. banc 1972)], shortly thereafter divested in like fashion in Parks v. State, 492 S.W.2d 746 (Mo. banc 1973).

On June 9, 1959, movant entered pleas of guilty in Mississippi County, Missouri, to charges of burglary and larceny. Having served the sentences then imposed, he subsequently was convicted in New Madrid County, Missouri, of robbery in the first degree [§ 560.120] and on January 25, 1966, his punishment for that offense was assessed by the court under the Habitual Criminal Act [§ 556.280] at imprisonment

---

1. All references to rules are to Missouri Rules of Criminal Procedure, V.A.M.R., and all statutory references are to RSMo 1969, V.A. M.S.

for a term of thirty years. § 560.135. On appeal, the Supreme Court held that the findings of the trial court as to movant's prior conviction were insufficient under the Habitual Criminal Act and remanded the case for new findings and resentencing. State v. Garrett, 416 S.W.2d 116 (Mo.1967). Pursuant to that appellate mandate, the circuit court made such findings and resentenced movant to imprisonment for a term of twenty years; and, upon appeal, that judgment of conviction was affirmed. State v. Garrett, 435 S.W.2d 662 (Mo.1968).

Motivated by and relying upon Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), in April 1969 movant filed a Rule 27.26 motion to vacate his sentence in which he challenged invocation of the Habitual Criminal Act on the assertion that he was without counsel when in 1959 he entered guilty pleas to charges of burglary and larceny. The trial court denied that motion but on appeal the Supreme Court reversed and remanded the case for a hearing and finding of fact consistent with the opinion on that appeal and the law set forth in Losieau v. Sigler, 406 F.2d 795 (8 Cir. 1969). Garrett v. State, 459 S.W.2d 378, 382 (Mo.1970). See Garrett v. State, supra, 481 S.W.2d at 226.

Thereafter, movant represented by capable counsel was accorded a full evidentiary hearing (hereinafter "the hearing") before another special judge in the Circuit Court of New Madrid County on the sole issue directed by the Supreme Court [Garrett v. State, supra, 459 S.W.2d at 382] and presented by counsel at the hearing, i. e., whether or not movant was represented by counsel when in 1959 he entered guilty pleas and was sentenced on the burglary and larceny charges in the Circuit Court of Mississippi County. At the hearing, the only evidence offered on behalf of movant was his own testimony that he was not represented by an attorney and had no legal advice or consultation prior to or at the time of his plea of guilty and sentencing on June 9, 1959. The substance of movant's testimonial account as to what had occurred on that date was that he was brought from the jail to the courtroom and then taken "back in that little room"—"the jury room," where the then circuit judge and prosecuting attorney conferred and told movant if he would plead guilty he would receive a sentence of two years on each of the two charges, i. e., burglary and larceny, and that he then entered such pleas and was so sentenced.

The state offered three witnesses, namely, Ellis W. Howlett, the Circuit Clerk of Mississippi County at the time of the hearing and for thirty-seven years prior thereto, and Roderic R. Ashby, the prosecuting attorney of that county in 1959, both of whom testified in person at the hearing, and the Circuit Judge of Mississippi County in 1959 (hereinafter "the circuit judge"), whose testimony was, by agreement of counsel, taken by deposition and made a part of the record in this case. Circuit Clerk Howlett produced the court file in Case No. 4546 styled State of Missouri vs. Lonnie Garrett and the clerk's official records reflecting all proceedings in that case, in which defendant was charged with burglary and larceny. Those records affirmatively showed that on June 1, 1959, attorney T. B. Russell of Charleston, Missouri (identified by Howlett as an attorney who had practiced in that city since 1931), was appointed to represent defendant Garrett in the above-numbered case, and the file in that case contained a copy of the circuit clerk's letter of the same date to Mr. Russell notifying him of such appointment. The records also showed that on June 9, 1959, defendant Garrett and attorney Russell appeared before the circuit judge in open court, that defendant then entered pleas of guilty to the charges of burglary and larceny, and that, following allocution, judgment and sentencing, oral application for parole was made and a presentence investigation was ordered. The last record entry was on July 16, 1959, when parole was denied and sentences were ordered executed. The circuit

judge's original docket sheet in Case No. 4546, also produced by witness Howlett and received in evidence, in all respects supported the record entries, likewise showing (a) on June 1, 1959, defendant Garrett's first appearance in circuit court without an attorney and the appointment of attorney Russell, (b) on June 9, 1959, the appearance of defendant and his attorney, the guilty pleas, allocution, judgment and sentences, and a subsequent application for parole, and (c) on July 16, 1959, denial of a parole and sentences ordered executed.

Witness Ashby had no independent recollection concerning Case No. 4546, but he testified positively that, during his tenure as prosecuting attorney (from 1948 to 1970, except for a four-year interval), he never discussed proposed disposition of any criminal case with a defendant personally and that he knew the settled practice of the circuit judge was that he would not participate in any such discussion or in "plea bargaining."

The circuit judge testified that the entries on the docket sheet in Case No. 4546 were in his handwriting and were true, and that he distinctly remembered the personal appearance of defendant Garrett (movant here) in court, the appointment of attorney Russell to represent Garrett in Case No. 4546, and the personal appearance of both Garrett and attorney Russell in open court on the subsequent date when Garrett's pleas of guilty were entered and accepted. When the circuit judge's attention was directed specifically to movant Garrett's testimony in this proceeding to the effect that he was not represented by counsel in Case No. 4546 and that, in the judge's presence but without counsel, he (Garrett) had discussed his plea in that case with Prosecuting Attorney Ashby, the judge declared emphatically "that is not true—that did not happen."

The testimony of attorney T. B. Russell was not available in this proceeding because of the stipulated fact that he had died some three or four years prior to the hearing in October 1971.

The special judge in this proceeding prepared and entered of record an opinion, findings of fact, and judgment in which, after carefully detailing and reviewing the evidence adduced, he made the following findings of fact and denied movant's motion:

"1. From the foregoing [detailed and reviewed] evidence the court finds [movant's] testimony unworthy of belief and clearly contradicted by the credible evidence and record entries.

"2. The court finds [movant] has wholly failed to sustain his contention that he was not represented by counsel at the time he entered pleas of guilty to charges of burglary and larceny on June 9, 1959, and finds as a fact that [movant] was represented by the late attorney T. B. Russell on June 9, 1959, when [movant] entered pleas of guilty to charges of burglary and larceny.

"It is this court's conclusion and judgment that [movant] was afforded his constitutional right to be represented by an attorney and that the attorney personally appeared with [movant] when the guilty pleas were received by [the circuit judge] on June 9, 1959.

"Motion denied."

■ The allegations of a Rule 27.26 motion do not prove themselves [Ward v. State, 451 S.W.2d 79, 81(1) (Mo.1970)] and one seeking relief under this rule must carry the burden of proving his grounds for relief by a preponderance of the evidence. Rule 27.26(f); Collins v. State, 450 S.W.2d 186, 187(1) (Mo.1970). The trial court has the right and duty to pass upon the credibility of the witnesses [State v. Shields, 441 S.W.2d 719(2) (Mo.1969); Anderson v. State, 493 S.W.2d 681, 684(4) (Mo.App.1973)], and the scope of our appellate review is limited to a determination of whether the findings, conclusion and judgment of the trial court are clearly erroneous. Rule 27.26(j); Brown v. State, 495 S.W.2d 690, 694(2) (Mo.App.1973).

■ Recognition and application of the foregoing fundamental principles dictate

and constrain our appellate holding (1) that, in passing upon the credibility of the witnesses, the trial court had a right to find, as it did, that movant's testimony was "unworthy of belief and clearly contradicted by the credible evidence and record entries," (2) that movant had wholly failed to carry the burden of proving his contention that he was not represented by counsel when he entered pleas of guilty on June 9, 1959, and (3) that, in fact, movant was represented by counsel when those pleas of guilty were entered. With the trial court after a full evidentiary hearing having thus specifically found against movant on the sole issue directed by the Supreme Court [Garrett v. State, supra, 459 S.W.2d at 382] which was likewise the sole issue presented by capable counsel at the subsequent hearing before the trial court, it necessarily follows that the judgment of the trial court should be and hereby is affirmed.

TITUS, C. J., and HOGAN, J., concur.

BILLINGS, J., not participating.