Melvin Leroy TYLER, Appellant,

v.

STATE of Missouri, Respondent.

No. 57616.

Supreme Court of Missouri,
Division No. 1.

July 16, 1973.

Steven G. Schumaier, Carter, Brinker & Doyen, Clayton, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Melvin Leroy Tyler, by application filed in the St. Louis Circuit Court on December 29, 1970, sought relief by way of writ of error coram nobis from three judgments of convictions and two-year sentences, entered on pleas of guilty in 1964 to charges of burglary and stealing and assault with malice. He was placed on probation. Whether or not he was ever imprisoned under the sentences is not clear from the record in this case. He had been discharged from such sentences when this proceeding was instituted. In the meantime, on January 18, 1965, he had been sentenced to four concurrent eight-year terms for armed robbery. These convictions were the subject of an opinion of this court in Tyler v. State, 485 S.W.2d 102 (Mo.1972). After being paroled from those sentences, he was convicted, on a jury trial, of assault with a deadly weapon with intent to kill, and sentenced to 25 years' imprisonment. The conviction was affirmed by this court in State v. Tyler,

**794**

454 S.W.2d 564 (Mo.1972). The four robbery convictions above referred to were the basis for the second offender charge in the assault case. At the time of the hearing on his coram nobis application, Tyler stated that he was in custody under the 25-year assault sentence.

Tyler had an earlier conviction on a charge of escaping from Algoa which was based on a plea of guilty entered in 1959. In 1970, the Cole County Circuit Court set that conviction aside on the grounds that Tyler was not represented by counsel at the time of his plea and sentencing. The primary basis of the claim for relief in the present case is that his pleas of guilty in the 1964 cases were coerced by threats of the prosecutor to employ the 1959 conviction for purposes of the Second Offender Act and to obtain a 50-year sentence on such basis. The motion also alleged that the sentencing court in 1964 did not comply with Rule 25.04, V.A.M.R.

█ A hearing was held on the present motion at which appellant testified to the threats of the prosecutor based upon the 1959 conviction. The transcript of the 1964 sentencing showed that Tyler's employed counsel at that time was fully aware of the infirmity in the 1959 proceedings and stated that he had advised Tyler that the 1959 conviction was "not a proper prior conviction." The trial court found the pleas knowingly and voluntarily entered and denied relief. The court found that appellant was apprised of the situation concerning the questionable validity of the prior conviction and that no compulsion or duress was exerted at the time the pleas were entered.

█ The record supports the trial court's findings. There has been no demonstration that failure to comply with Rule 25.04, in view of the trial court's findings on the voluntariness of the plea, has resulted in "manifest injustice." Winford v. State, 485 S.W.2d 43, 49–50[5] (Mo. banc

1972). Finally, appellant's motion did not demonstrate that he is presently suffering adversely by reason of the sentences from which he has long since been discharged. On that basis alone, the trial court would have been justified in denying the relief sought. Powell v. State, 495 S.W.2d 633 (decided June 19, 1973, Mo. banc); Howard v. State, 493 S.W.2d 14, 21, concurring opinion of Billings, J., (Mo.App.1973).

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

BARDGETT, P. J., and HOLMAN, J., concur.

SEILER, J., concurs in result.