**John Henry NEWMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 9497.**

Missouri Court of Appeals, Springfield District.

Jan. 11, 1974.

John S. Pratt, Springfield, for appellant.

John C. Danforth, Atty. Gen., Richard E. Vodra, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Appeal from the judgment of the Circuit Court of Greene County, Missouri, denying appellant's application for a writ of error coram nobis to set aside and vacate a three-year conviction, already served, for uttering a forged check and the crediting of the time served against a seven-year sentence presently being served for first degree robbery. We affirm.

On March 1, 1968, appellant entered a plea of guilty to the check charge and following a pre-sentence investigation Judge Douglas W. Greene placed appellant on two-year's probation. Following a violation report Judge Greene terminated appellant's probation on May 24, 1968, sentenc-

ed him to a prison term of three years, and then granted appellant a judicial parole. On February 21, 1969, appellant entered a plea of guilty to first degree robbery in another division of the Greene County Circuit Court and on this date Judge Greene revoked appellant's parole on the check conviction and ordered the judgment and sentence executed.

Appellant filed a Rule 27.26, V.A.M.R., motion seeking to vacate the judgment and sentence on the check conviction, alleging his plea of guilty was involuntary, and this was denied in November of 1969. No appeal was taken.[1]

Appellant completed his sentence on the check conviction in July of 1970 and is presently confined in the Department of Corrections under the seven-year robbery sentence. This proceeding was instituted in September of 1972 and following an evidentiary hearing the trial court denied appellant's application in January of 1973.

As alleged grounds for relief the appellant contends that "The sentence of the Court in Case No. 54981–2 [the check case] 'that the defendant be placed on probation for a term of two years' exceeds the Court's jurisdiction and is invalid, and unconstitutional;" "Appellant did not receive effective or competent assistance of counsel in Case No. 54981–2; and, "Appellant did not receive effective or competent assistance of counsel in his Motion to Vacate Sentence under Criminal Rule 27.26." Because of the foregoing appellant seeks vacation of the three-year sentence and the crediting thereof of the time served against the seven-year robbery sentence.

Appellant cannot now attack the judgment and sentence in the check conviction via Rule 27.26. This because successive motions are limited by provisions of the Rule and he is not now in custody under that sentence. However, by way of coram

nobis, appellant seeks the aforementioned relief to "prevent the further miscarriage of justice."

As recent decisions have clearly stated the extraordinary remedy appellant attempts to here invoke is not a writ of right and before the courts will consider an application for a writ of error coram nobis, or, in the *nature* of a writ of error coram nobis, to set aside a judgment of conviction after the sentence has been served the applicant must demonstrate that he is suffering from present adverse consequences by reason of the completed sentence. Tyler v. State, 496 S.W.2d 793 (Mo.1973); Powell v. State, 495 S.W.2d 633 (Mo. banc 1973); Howard v. State, 493 S.W.2d 14 (Mo.App.1973). Appellant's motion being wholly deficient in this respect the trial court properly denied the relief sought.

The judgment is affirmed.

STONE and TITUS, JJ., concur.

HOGAN, C. J., not sitting.

1. Appellant has also unsuccessfully sought Rule 27.26 relief as to the robbery conviction. Newman v. State, 481 S.W.2d 3 (Mo.1972). According to appellant the matters involved in the motion attacking the robbery conviction are now the subject of a habeas corpus proceeding pending in the United States District Court for the Western District of Missouri.