Sammie Preston IRBY, Petitioner-Appellant,

v.

STATE OF MISSOURI, Respondent-Appellee.

No. 73-1495.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1973.

Decided March 25, 1974.

On Reconsideration En Banc Sept. 23, 1974.

On consideration en banc, Gibson, Chief Judge, would dismiss the appeal on basis of trial judge's opinion.

Francis M. Gaffney, St. Louis, Mo., for petitioner-appellant.

John C. Danforth, Atty. Gen., and Stephen D. Hoyne, K. Preston Dean, Asst. Attys. Gen., Jefferson City, Mo., for respondent-appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and STUART, District Judge.[*]

* WILLIAM C. STUART, District Judge, Southern District of Iowa, sitting by designation.

PER CURIAM.

Sammie Preston Irby has applied for relief from a 40-year prison sentence imposed upon him by the State of Missouri for a 1963 robbery conviction. The state sentencing court applied the Missouri second-offender statute, Mo. Ann.Stat. § 556.280. He attacks the constitutional validity of his sentence, alleging that the state sentencing judge considered an uncounselled 1956 felony conviction for auto theft from Mississippi County, Missouri, in assessing his punishment.

The federal district court, in an unreported opinion, refused to consider the merits of this petition on the grounds that the Missouri Supreme Court had never been presented with the question of whether Irby's sentence was enhanced by this allegedly illegal prior conviction. Accordingly, it dismissed the action because of the petitioner's failure to exhaust state remedies. We disagree with the district court on the question of exhaustion.

In an earlier case before this court, Garrett v. Swenson, 459 F.2d 464 (8th Cir.1972), Billy Joe Garrett, appellant-Irby's codefendant in the original state prosecution and a copetitioner in initially seeking post-conviction relief from the Missouri state courts, presented similar contentions to us in seeking habeas corpus relief. We considered the merits of Garrett's case without specifically discussing the exhaustion doctrine. Both parties, Garrett and Irby, relied on parts of the same record made in the state court proceedings. Our examination of that record satisfies us that Irby, like Garrett, is entitled to present the merits of his case to a federal court; that Irby has exhausted his remedies under state law.

Irby raised the precise legal contention now before us in a state post-conviction proceeding held in the Circuit Court of New Madrid County, Missouri, specifically claiming that an invalid prior 1956 conviction "was used to enhance a punishment of 40 years imprisonment in the present case." That court denied this claim on the merits and made the following finding as to the validity of the 1956 felony conviction here in question:

> The record [of the 1956 conviction] discloses that he [Irby] entered his plea of guilty after having been given [reasonable] time to consult with a friend and an attorney and after being informed of his right to counsel and having had explained to him wherein the exercise of said right of counsel might be of benefit to him. The [record] further [discloses] that [the 1956 court found] "defendant was mentally able and sufficiently informed to decide his need for counsel, and the Court having offered to appoint counsel for defendant to conduct his defense, but defendant having waived such right to counsel."

On direct appeal to the Missouri Supreme Court, Irby specifically raised the same issue, stating in his brief:

> With regard to Sam Irby, the Court found that on a prior conviction shown against Sam Irby on September 18, 1956, following a plea of guilty in Mississippi County, Missouri, that he did not have counsel but that he waived his right to counsel (Tr. 61), and November 12, 1957, that Sam Irby had another prior conviction wherein he pleaded guilty to statutory rape without the advice of counsel and that there he again waived counsel (Tr. 61). Sam Irby testified that he did not have a lawyer in 1956 and that he didn't waive his right to a lawyer (Tr. 39); he testified that he was in court but there was no lawyer with him (Tr. 40); and the Court did not ask him if he wanted a lawyer (Tr. 40). When a 27.26 petitioner testifies that he did not have a lawyer and didn't waive a lawyer, and the only evidence is a court record showing that he did not have a lawyer, then the State has the burden of proof of showing that he intelligently waived his right to a lawyer, and in this matter the State does not have any evidence showing that Sam Irby intelligently waived his right to coun-

sel. On this basis, prior convictions shown against Sam Irby were illegal and his judgment and sentence should be vacated.

The Supreme Court skirted that issue, holding that the sentencing under the second-offender procedure was valid because Irby had at least two other convictions—one in Florida and one in California—which he did not challenge. The Missouri Supreme Court said:

In their allegations and throughout the hearing of this proceeding, as indicated, Billy Joe Garrett and Sam Irby attack only their Mississippi County convictions in 1952 and 1956, claiming that in those cases they were not represented by counsel and that under Burgett v. Texas they are entitled to have the robbery convictions set aside and a new trial by a jury. The insuperable difficulty with the claims of Billy Joe and Sam is that in the robbery case the state alleged numerous other felony convictions and these convictions with counsel were proved and found in the principal trial by the judge as well as upon this 27.-26 proceeding and they are not challenged here. [Garrett v. State, 459 S.W.2d 378, 380 (Mo.1970).]

Here the record makes eminently clear that appellant in the Missouri state courts specifically contested the validity of his 40-year sentence on the ground that his sentence had been enhanced by the sentencing court's reliance upon at least one uncounselled conviction. The state courts denied his claim—the lower court specifically rejecting petitioner's allegation upon a factual basis, the Supreme Court rejecting this allegation upon a legal basis. Thus, the record establishes that petitioner has already presented his contention to the Missouri courts that this 1956 conviction for stealing an automobile was invalid because the state did not furnish him counsel.

■■ The exhaustion doctrine is not intended to give the state more than one

full chance to pass upon the issues. Once a prisoner has brought an issue to the highest state court, he is not barred from seeking relief in federal court, notwithstanding the fact that he may have additional state collateral relief procedures open to him. Brown v. Allen, 344 U.S. 443, 448 n.3, 73 S.Ct. 397, 97 L.Ed. 469 (1953). As the Supreme Court said in Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971):

Section 2254 does not erect insuperable or successive barriers to the invocation of federal habeas corpus. The exhaustion requirement is merely an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights. Fay v. Noia, 372 U.S. 391, 438 [83 S.Ct. 822, 848, 9 L. Ed.2d 837] (1963). Petitioners are not required to file "repetitious applications" in the state courts. Brown v. Allen, 344 U.S. 443, 449 n. 3 [73 S.Ct. 397, 403, 97 L.Ed. 469] (1953). Nor does the mere possibility of success in additional proceedings bar federal relief. Roberts v. LaVallee, 389 U.S. 40, 42–43 [88 S.Ct. 194, 196–197, 19 L.Ed. 2d 41] (1967); Coleman v. Maxwell, 351 F.2d 285, 286 (CA 6 1965).

Consequently, on the record before us, the exhaustion doctrine has no application to the allegations in petitioner's habeas corpus claim relating to the 1956 conviction.

■ The federal district court noted, however, that for the first time Irby now contends that two other convictions used by the Missouri court to enhance his sentence were also uncounselled—one in April 1959 for auto theft in Florida, and a second in October 1957 in Mississippi County, Missouri, for statutory rape. The appellant's contention concerning the validity of these convictions has not been presented to the Missouri courts and the exhaustion doctrine applies to these two claims.[1] Irby is nev-

1. Irby's petition in state court did not contain these allegations, but the Missouri state

court conducting the post-conviction hearing heard testimony concerning these two other

ertheless entitled to a consideration of his other claim relating to the invalidity of the 1956 conviction which has already been before the state courts.

We have held that where petitioner has exhausted his state remedy upon one of several claims for habeas corpus he may, under appropriate circumstances, proceed in federal court. Tyler v. Swenson, 483 F.2d 611 (8th Cir.1973). Exhaustion of all similar state claims need not be pursued where petitioner can show that his sentence may have been enhanced by the consideration of an invalid prior conviction. *See* Tucker v. United States, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). We think this rule proper to apply here for two reasons. First, although the *Tucker* Court dealt with two prior allegedly uncounselled convictions relied on by the sentencing court, we do not read *Tucker* as limited only to multiple uncounselled prior convictions. Second, if we correctly reason that one invalid, uncounselled conviction requires invocation of the *Tucker* rule and consequent resentencing taking into account only valid prior convictions, a sentencing court may additionally reject consideration of any other prior conviction proven void for want of counsel. *See* Lipscomb v. Clark, 468 F.2d 1321 (5th Cir.1972); Davis v. Wainwright, 462 F.2d 1354 (5th Cir.1972). Thus, although under the exhaustion doctrine the federal court is now precluded from considering the invalidity of the 1959 auto theft conviction and the 1957 rape conviction, that doctrine will not prevent consideration

of the claim that the 1956 felony conviction was uncounselled and invalid.[2]

In remanding this case to the district court for further consideration on the merits, we think it well to note factual differences between Irby's record and that of Billy Joe Garrett. As considered by us in Garrett v. Swenson, *supra,* neither the Missouri circuit court nor the Supreme Court made any findings that Billy Joe Garrett was represented by counsel on his prior conviction there in question, but both courts merely assumed that because petitioner Garrett had suffered two other unchallenged convictions he was not entitled to any relief. 459 F.2d at 465. Thus, we directed an evidentiary hearing on the claim but noted the existence of a further pending state proceeding which could produce an adequate record on which the federal district court might rely. 459 F.2d at 466 n.4.

In Irby's case, as we have already noted, the Missouri circuit court made a specific finding concerning the challenged 1956 sentence for auto theft based upon the September 18, 1956, entry in the circuit court record book of Mississippi County, Missouri. This state court hearing does not meet federal standards, because the "state factual determination is not fairly supported by the record as a whole." Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963).

The parties do not dispute that Irby did not have counsel at the 1956 auto theft conviction. Although the record on this appeal does not show whether or

convictions and concluded, without making a specific finding as to their validity, that since the record disclosed one prior conviction in which counsel represented him, that the 40-year sentence imposed upon him as a second offender must stand. We do not read the record as demonstrating that Irby squarely presented to the state court the claim that his sentence under attack had been *enhanced* by the sentencing court's consideration of the allegedly invalid 1959 auto theft conviction and the 1957 statutory rape conviction.

As we have already observed in the text, the Missouri Supreme Court considered only Irby's attack on his 1956 conviction as be-

fore it. Garrett v. State, 459 S.W.2d 378, 380 (Mo.1970).

2. We do not construe the opinion of the district court as rejecting Irby's petition because of the allegation that several convictions, not just the 1956 conviction, were invalid for want of counsel. Rather, although Irby specifically had raised the question of the validity of his 1956 felony conviction before the Missouri courts, the district court indicated that he had done so only in a limited way by attacking the propriety ·of the Missouri second-offender statute, not in claiming that his punishment was *enhanced* by reason of consideration of that prior conviction.

not Irby was indigent in 1956, Irby testified at the state hearing that he was not informed of his right to counsel, that the sentencing judge did not ask him if he wanted a lawyer, and that he pleaded guilty because the sheriff asked him to do so. The State of Missouri presented only the Mississippi County record entry which recited that counsel, though absent, had been waived.[3] No verbatim transcript of the circuit court proceedings in Mississippi County was filed and the record does not clearly indicate that any further written documentation exists regarding the guilty plea conviction and sentence.

The state carries the burden of proving that petitioner made an intelligent and competent waiver of his right to counsel. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Mitchell v. United States, 482 F.2d 289 (5th Cir.1973); Schramm v. Cupp, 436 F.2d 692 (9th Cir.1970); Losieau v. Sigler, 406 F.2d 795 (8th Cir.), cert. denied, 396 U.S. 988, 90 S.Ct. 475, 24 L.Ed.2d 452 (1969). The state does not sustain that burden on the record before us, containing only a docket entry reciting waiver without more. In Craig v. Beto, 458 F.2d 1131, 1135 (5th Cir.1972), under analogous circumstances, the court said:

> Despite the fact that the docket sheet entries state that * * * [he] was "advised of [his] right to counsel," such recitation is not a sufficient manifestation of an understanding and intelligent waiver of counsel.

See Mitchell, supra; Schramm, supra; Losieau, supra.

Accordingly, we vacate the order of the district court and remand the cause to the district court to hold a hearing for a full development of the facts as to whether Irby effectively waived his right to counsel in the 1956 Missouri proceedings. If the district court finds that the 1956 conviction is valid, the petition should be dismissed. If the court finds the 1956 conviction invalid, it should direct the Missouri courts to institute resentencing procedures within a time certain, in which the 1956 conviction, and any other convictions which the resentencing court may find invalid, should not be considered. See Craig v. Beto, 458 F.2d at 1136.

Remanded.

Before GIBSON, Chief Judge, and LAY, HEANEY, BRIGHT, ROSS, and STEPHENSON, Circuit Judges, en banc.

## ON RECONSIDERATION EN BANC

This appeal has been reconsidered by the court *en banc*. After review, the court adopts the opinion of the panel, consisting of Circuit Judges Bright and Stephenson and District Judge Stuart, filed March 25, 1974. For the reasons set forth therein, the order of the district court is vacated and the cause is remanded to the district court for further proceedings as more fully set forth in the panel's decision of March 25, 1974.

Chief Judge Gibson would dismiss the appeal on the basis that the issue of enhancement of the sentence as opposed to the propriety of the use of the Habitual Criminal Statute was not fully and squarely presented to the Missouri Supreme Court and thus would dismiss the appeal on the basis of Judge Webster's memorandum opinion filed in the district court.

---

3. The decision of the Circuit Court of New Madrid County, Missouri, on Irby's application for post-conviction relief recites the following concerning want of counsel relating to the 1956 felony conviction:

> The record discloses that he entered his plea of guilty after having been given time to consult with a friend and an attorney and after being informed of his right to counsel and having had explained to him wherein the exercise of said right of counsel might be of benefit to him. The Court further found that "defendant was mentally able and sufficiently informed to decide his need for counsel, and the Court having offered to appoint counsel for defendant to conduct his defense, but defendant having waived such right to counsel."