**Melvin Leroy TYLER, Petitioner,**

v.

**Harold R. SWENSON, Warden, Respondent.**

**No. 73 C 636 (3).**

United States District Court, E. D. Missouri, E. D.

Sept. 27, 1974.

---

Petitioner, pro se.

John C. Danforth, Atty. Gen., of Missouri, Neil MacFarlane, Asst. Atty. Gen., for respondent.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon Petitioner's action under the Federal Habeas Corpus Statutes, 28 U.S.C. § 2241 et seq. Petitioner is seeking to have two 1964 guilty pleas set aside on the grounds that said pleas were coerced, and therefore, involuntary, because: (1) the charges were made under the Habitual Criminal Act; (2) the prosecutor threatened that petitioner would be sentenced to fifty (50) years if he did not plead guilty; and (3) the guilty pleas did not comply with Missouri Supreme Court Rule 25.04, V.A.M. R.

██ Petitioner's reason for seeking the overturning of these convictions is that the convictions were used as evidence for sentencing petitioner under the Habitual Criminal Act of Missouri upon petitioner's conviction by a jury in April of 1969 of assault with intent to kill. If this petition were to be granted plaintiff would be entitled to a resentencing upon the 1969 assault with intent to kill conviction.

On February 19, 1974 with petitioner and his counsel present this Court held an evidentiary hearing concerning petitioner's writ. After careful review of the record and the briefs filed by both parties to this action, this Court being fully apprised of the premises makes the following findings of fact and conclusions of law.

In 1969 petitioner was convicted of assault with intent to kill on the grounds that he and a companion had fired upon a police vehicle and the policeman in it as they were being pursued by the policeman.

██ Since petitioner was charged under the Habitual Criminal Act, the Judge, and not the jury, sentenced petitioner in the 1969 conviction. On page 112 of Exhibit B of respondent's memoranda the following quote from the Court which sentenced petitioner in 1969 states as follows:

"THE COURT: I am going to rule on the evidence. The Court finds beyond a reasonable doubt that on January 18, 1965, defendant, Melvin Leroy Tyler, entered a plea of guilty in Division No. 12 of this Court to four separate offenses of robbery in the first degree by means of a dangerous and deadly weapon. Thereafter, he was given allocution or given the opportunity to state why sentence should not be imposed. There being no legal reason advanced why sentence should not be imposed, the defendant was sentenced to serve eight (8) years in each case, the terms to run concurrently."

It is quite obvious to this Court as trier of fact from the records presented to it during the pendency of this case

that considering the serious nature of the 1969 conviction and the aforestated quote that the trial court in 1969 did not use the 1964 convictions in sentencing the petitioner. At no time in any of the sentencing proceedings did the Court mention the 1964 convictions in sentencing petitioner for the 1969 conviction.

Accordingly, it is clear to this Court that there was no connection between the 1964 convictions and the 1969 sentencing of the petitioner. There being no relationship between the sentence under which petitioner is now confined and the earlier sentence which he seeks to attack, this Court has no jurisdiction. This is in accordance with holdings in Cappetta v. Wainwright, 406 F.2d 1238, (5th Cir., 1969); and Brown v. Wainwright, 447 F.2d 980, (5th Cir., 1971). In consequence,

It is hereby ordered that petitioner's writ of habeas corpus be and is denied.