Sammie Preston IRBY, Petitioner,

v.

Donald WYRICK, Warden, etc., Respondent.

No. 72 C 752(4).

United States District Court, E. D. Missouri, E. D.

March 28, 1975.

Francis M. Gaffney, Toby H. Hollander, St. Louis, Mo. (appointed), for petitioner.

John C. Danforth, Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## MEMORANDUM OPINION

NANGLE, District Judge.

This action is before the Court following an evidentiary hearing on the petition of Sammie Preston Irby for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is presently serving a forty year prison sentence imposed by the Circuit Court of New Madrid County, Missouri, in 1963.

Petitioner seeks to be resentenced by that Court because a previous conviction, obtained in violation of his right to counsel, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), was used to enhance his 1963 sentence under the Missouri Second Offender Act. *See, United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

This Court originally denied the petition for failure to exhaust state remedies. On appeal the United States Court of Appeals for the Eighth Circuit reversed and remanded. *Irby v. State of Missouri,* 502 F.2d 1096 (8th Cir. 1974). Since the parties did not dispute the fact that petitioner did not have counsel in the 1956 proceedings, the Court of Appeals remanded the action for the purpose of fully developing "the facts as to whether Irby effectively waived his right to counsel in the 1956 Missouri proceedings". *At* 1100. The Court of Appeals allocated to the State of Missouri the burden of proof regarding waiver. *Id.*

In the subject 1956 state court proceedings Irby was charged in Mississippi County, Missouri, with stealing an automobile on September 9, 1956. Irby was arrested on September 12; a complaint was filed on September 14; on September 17 a magistrate set bail bond at $500.00. Irby was unable to make bond and was committed to jail. On September 18, 1956, Irby was arraigned in Circuit Court, pleaded guilty and was sentenced to a term of two years in the reformatory.

When Irby pleaded guilty before the honorable Marshall Craig of the Thirty-third Judicial Circuit of Missouri (including Scott and Mississippi Counties) the following discourse between the Court and Irby ensued:

Judge: Sammie do you have a lawyer?

Sammie: No sir.

Judge: Do you want to get a lawyer?

Sammie: No sir.

Judge: Sammie are you 17 now?

Sammie: Yes sir.

Judge: When were you 17?

Sammie: The 22nd of August.

Judge: This last August?

Sammie: Yes sir.

Judge: How much education do you have?

Sammie: I went through the 7th grade.

Judge: Do you want the court to appoint a lawyer for you?

Sammie: No sir.

Judge: Do you understand the charge?

Sammie: Yes sir.

Judge: (read charge) on the 9th day of September, 1956, in the County of Mississippi, State of Missouri, the defendant, Sammie P. Irby, did then and there wilfully, unlawfully and feloniously, take, steal and carry away one 1956 Buick automobile of the value of $3,000.00, of the personal property of W. C. Bryant, signed by the Prosecuting Attorney. Do you understand that?

Sammie: Yes sir.

Judge: Have you had the opportunity to talk to your mother?

Sammie: Well yes sir.

Judge: You haven't been denied that opportunity have you?

Sammie: No sir.

Judge: Do you understand the range of punishment which is from 2 to 10 years in the penitentiary?

Sammie: Yes sir.

Judge: Have you had the opportunity to talk to a lawyer?

Sammie: Yes sir.

Judge: Do you know what disposition or plea you want to enter?

Sammie: Guilty.

Mr. Reeves: Judge the same circumstances are the same as the two previous cases, but you know the history of Sammie's case, it seems to be

from one car to another but due to his age I'm still going to recommend two years.

Judge: The court sentences you to 2 years in the intermediate reformatory at Algoa. Sammie do you have anything to say before the court pronounces the sentence?

Sammie: No sir.

Judge: Allocution of the sentence.

The Circuit Court docket entry recites in conclusory fashion that Irby waived his right to counsel.[1]

Petitioner argues that

[t]he record before this court cannot support the conclusion that the trial court affirmatively advised petitioner of his right to *free* legal counsel and explained the consequences of a waiver of this right. These defects precluded a valid waiver. (emphasis added) (Pet. reply brief, p. 5, filed January 24, 1975.)

Whether petitioner's use of the word "record" included within its ken either the state court plea record only or both that record and the evidence offered herein on January 27, 1975, petitioner misinterprets a material cardinal premise.

When examining a federal conviction based upon a plea of guilty, Justice Black, speaking for himself and three other Justices, in *Von Moltke v. Gillies,* 332 U.S. 708, *at* 723–724, 68 S.Ct. 316, *at* 323, 92 L.Ed. 309 (1948), stated:

"The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." [*Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461] To discharge this duty properly in light of the strong presumption against waiver of the consti-

tutional right to counsel, [footnote omitted] a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

In *Collins v. United States,* 206 F.2d 918 (8th Cir. 1953), the Court interpreted *Von Moltke* as not requiring that a waiver of counsel be supported by "formal declaration from the bench of the prisoner's right to the appointment and assistance of counsel". *At* 922. Rather, the issue is "on all the probative elements and circumstances of each particular situation, whether as a matter of knowledge and intent on the part of the prisoner, there existed in fact a competent and intelligent waiver by him of the assistance of counsel in what he did . . . ". *Id.* In this action the state's case is not dependent upon an affirmative showing that the trial court informed petitioner of his right to free legal counsel, if he could not afford to employ counsel of his own, and of all the consequences of his waiver of counsel. *LaPlante v. Wolff,* 505 F.2d 780 (8th Cir. 1974); *e. g., Spanbauer v. Burke,* 374 F.2d 67, 72–73 (7th Cir. 1966), *cert. den.,* 389 U.S. 861, 88 S.Ct. 111, 19 L.Ed.2d 127 (1967).

---

1. The Eighth Circuit ruled that the state did not sustain its burden of proof with merely this docket entry. 502 F.2d at 1100.

When petitioner appeared before Judge Craig in 1956, he was seventeen years of age. He and his family were indigent, unable to hire an attorney. Irby and his family were known to Judge Craig; petitioner had appeared before him as a juvenile offender before the 1956 proceedings. This Court finds that petitioner, when appearing before Judge Craig, knew that the judge was somewhat familiar with his circumstances and that, when the judge asked him "Do you want the court to appoint a lawyer for you?", petitioner understood that the Court meant "appoint a lawyer for you, since (or if) you cannot afford one?". Furthermore, petitioner had an opportunity to speak with his mother about the matter, and was informed of the charges and of the possible punishment. The Court thereupon finds and concludes that, with such knowledge, petitioner intelligently and competently waived his right to counsel. *Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

The Court will give judgment to the respondent.