Melvin Leroy TYLER, Appellant,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.

No. 75–1453.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1975.

Decided Jan. 6, 1976.

Rehearing Denied Jan. 30, 1976.

James R. Mendillo, Belleville, Ill., for appellant.

Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

The sole issue raised in this habeas corpus appeal, brought under 28 U.S.C. § 2254, is whether the petitioner is entitled to have his state court sentence reconsidered because the state trial court may have relied on allegedly invalid 1964 convictions in imposing sentence. The district court[1] denied petitioner Melvin Tyler's application for writ of habeas corpus.[2] We affirm.

Petitioner was convicted by a jury in 1969 of assault with intent to kill and given a 25 year sentence in accordance with the Missouri second-offender statute, Mo.Ann.Stat. § 556.280. Following exhaustion of his available state remedies, Tyler filed a petition for writ of habeas corpus seeking to set aside his sentence. Tyler v. State, 496 S.W.2d 793 (Mo.1973). Tyler had pleaded guilty to two charges in 1964, burglary and assault with intent to kill. Petitioner contends that the 1969 sentence is improper and should be reconsidered because of the allegedly concomitant invalidity of his two 1964 guilty pleas.[3]

After an evidentiary hearing, the district court held that there was no connection between the 1964 convictions and

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri. The district court's opinion is reported at 382 F.Supp. 1028 (E.D.Mo.1974).

2. In a related appeal, Tyler appeals from the denial of a separate application for habeas corpus in which he contests the validity of the 1969 sentence in view of an invalid prior 1965 robbery conviction. See Tyler v. Swenson, 527 F.2d 877 (8th Cir., filed Jan. 6, 1976).

3. It is contended that the 1964 pleas were coerced because: (1) the charges were made under the Missouri second-offender statute; (2) the prosecutor threatened that petitioner would be sentenced to 50 years if he did not plead guilty; and (3) the guilty pleas did not comply with Missouri Supreme Court Rule 25.-04.

the 1969 sentence of the petitioner. That court specifically found the record demonstrated that the state court, in sentencing petitioner, in 1969, relied only on Tyler's 1965 robbery convictions and not on his 1964 convictions. The lower court, therefore, deemed it unnecessary to consider the propriety of the 1964 convictions and denied the application for writ of habeas corpus.

 The Supreme Court decision in *United States v. Tucker,* 404 U.S. 443, 446–48, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), makes clear that a sentence which is tainted by invalid convictions cannot stand. *See Irby v. Missouri,* 502 F.2d 1096, 1099 (8th Cir. 1974); *Garrett v. Swenson,* 459 F.2d 464, 466 (8th Cir. 1972). If petitioner's 1969 sentence was enhanced by his 1964 convictions, he would ordinarily be entitled to a hearing under *Tucker* in order that the district court could determine the validity of the 1964 convictions. Moreover, a finding that the convictions are invalid would also mean that petitioner would be entitled to resentencing. *See Garrett v. Swenson, supra,* 459 F.2d at 466.

After a thorough examination of the record, we firmly agree with the district court's holding that the state trial court did not utilize the 1964 convictions to enhance the 1969 sentence of the petitioner. *See Tyler v. Swenson,* 382 F.Supp. 1028, 1029 (E.D.Mo.1974). At no time in the 1969 sentencing proceedings did the court expressly mention the 1964 convictions.

The record does not reveal any evidence relating to the 1964 convictions that would have given the trial judge knowledge of them. In fact, in assessing petitioner's punishment, the court mentioned the four 1965 convictions immedi-

ately prior to the imposition of sentence and totally failed to refer to the 1964 convictions.[4] We conclude there is no connection between petitioner's 1969 sentence and the 1964 convictions. The federal courts, therefore, have no jurisdiction to entertain an attack upon the 1964 convictions. *Brown v. Wainwright,* 447 F.2d 980 (5th Cir. 1971); *Cappetta v. Wainwright,* 406 F.2d 1238 (5th Cir.), *cert. denied,* 396 U.S. 846, 90 S.Ct. 55, 24 L.Ed.2d 96 (1969).

Accordingly, the district court's denial of the petition for habeas corpus is affirmed.

---

4. The state sentencing court commented as follows:

> I am going to rule on the evidence. The Court finds beyond a reasonable doubt that on January 18, 1965, defendant, Melvin Leroy Tyler, entered a plea of guilty in Division No. 12 of this Court to four separate offenses of robbery in the first degree by means of a dangerous and deadly weapon. Thereafter, he was granted allocution, or given the opportunity to state why sentence should not be imposed. There being no legal reason advanced why sentence should not be imposed, the defendant was sentenced to serve eight (8) years in each case, the terms to run concurrently.