**Sammie Preston IRBY, Appellant,**

v.

**STATE OF MISSOURI, Appellee.**

No. 75–1251.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1975.

Decided Feb. 6, 1976.

Rehearing and Rehearing En Banc Denied March 2, 1976.

Certiorari Denied May 24, 1976. See 96 S.Ct. 2213.

---

Toby H. Hollander, St. Louis, Mo., for appellant.

Preston Dean, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, BRIGHT, and HENLEY, Circuit Judges.

PER CURIAM.

This appeal is but another in the continuing effort by petitioner Irby to overturn his state sentence of 40 years as an habitual offender which resulted from a 1963 robbery conviction. Irby claims that his 1963 sentence was enhanced by the sentencing court's reliance upon a prior conviction in 1956, which allegedly was obtained in violation of his right to counsel. A prior opinion of this court *en*

*banc* held that Irby had exhausted his state remedies on this claim and directed the district court to determine whether the State of Missouri could demonstrate a knowing and intelligent waiver. *Irby v. Missouri*, 502 F.2d 1096, 1100 (8th Cir. 1974) (*per curiam*).[1]

Pursuant to our mandate, District Judge John F. Nangle, on remand, considered Irby's claim on an expanded record, which included a transcript of the 1956 state sentencing proceeding. By a memorandum and order of March 28, 1975, Judge Nangle concluded that Irby had knowingly and intelligently waived his right to counsel and that, therefore, the 1956 conviction was valid and properly considered in the 1963 sentencing. The central issue on remand was the simple factual question of whether Irby understood that the counsel which the state trial court offered to appoint would be without charge. Judge Nangle found that under all of the circumstances, Irby was aware that he was entitled to free counsel. The federal district court's memorandum opinion containing a comprehensive statement of the facts is reported at 1183 F.Supp. 405 (E.D.Mo.1975).

In addition to the discussion contained in the district court memorandum, we would note the circumstances surrounding the guilty pleas entered by Irby's two codefendants. These pleas were received on the same day as was Irby's. In the case of each codefendant, the trial judge specifically inquired into the financial capabilities of his family, and explicitly stated that counsel would be provided free of charge if the codefendant so desired. The record shows this to have been the practice of the court. The deviation from this routine in the trial judge's discussion with Irby, when viewed in light of the fact that Irby apparently previously had been before the judge as a juvenile, and in light of the prosecuting attorney's statement to

---

1. Irby had also been convicted of two other felonies, one in 1957 and one in 1959. His allegations that these convictions are invalid and improperly enhanced his sentence are not before us. Our prior decision held that these claims have not been exhausted in the state courts. *Id.* at 1098–99 n. 1.

the court that "you know the history of [Irby's] case," supports the Government's argument that Irby knew the sentencing court was aware of his indigency and Irby therefore understood that the proffered appointment of counsel would be without charge.

It is certainly true that the record in this case is less than crystal clear. However, under all of the circumstances, we believe that the state has made an adequate showing that Irby's waiver of his right to counsel was knowing and intelligent. *Cf. LaPlante v. Wolff*, 505 F.2d 780 (8th Cir. 1974), *cert. denied*, 420 U.S. 995, 95 S.Ct. 1436, 43 L.Ed.2d 678 (1975). We therefore affirm on the basis of the district court's comprehensive memorandum opinion and our comments above.