**Jimmie Lee THIGPEN, Petitioner,**

v.

**Mack H. ALFORD and Attorney General of the State of Oklahoma, Respondents.**

**No. CIV–80–1360–D.**

United States District Court, W. D. Oklahoma.

Feb. 24, 1981.

Jimmie Lee Thigpen, pro se.

Jan Eric Cartwright, Atty. Gen. by Janet L. Cox, Asst. Atty. Gen., Oklahoma City, Okl., for both respondents.

## OPINION AND ORDER

DAUGHERTY, Chief Judge.

When this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was filed, petitioner was a state prisoner at the Stringtown Correctional Center, Stringtown, Oklahoma. In his petition, he attacks a judgment and sentence entered in the District Court of Oklahoma County, Oklahoma, entered December 18, 1973, in case number CRF–73–2825. In that case, pursuant to a plea of guilty, petitioner was convicted of the offense of Forgery in the Second Degree and was sentenced to imprisonment for a term of four years.

Petitioner asserts that the sentencing court employed two prior null and void convictions, numbers 32660 and 33532, for enhancement of punishment in case number CRF–73–2825. Petitioner appears to assert that the earlier convictions were void under *Lamb v. Brown*, 456 F.2d 18 (10th Cir. 1972). He asserts that at the time of the earlier convictions, he was between sixteen and eighteen years of age but was prosecuted as an adult without the benefit of a certification hearing.

Although petitioner asserts that he is presently serving the sentence imposed in CRF–73–2825, the response of respondents includes an affidavit from the Director of Central Records, Oklahoma Department of Corrections, to the effect that petitioner was received by the Department of Corrections on December 21, 1973 to serve the four year sentence imposed in number CRF–73–2825, was paroled on December 13, 1974 and was discharged from parole on January 4, 1977. Thus, the sentence imposed in the case under attack by petitioner herein, has been fully executed. It follows therefore that petitioner does not attack the conviction for which he is presently incarcerated. No claim is made that the punishment imposed in his current conviction was enhanced or otherwise affected in any way by the earlier, allegedly void, convictions. Nor does he make any claim that he may be subject to being held in custody in the future under or by reason of the earlier convictions.

Although petitioner did not appeal from the 1973 conviction which he attacks herein, he subsequently filed an application for post-conviction relief pursuant to the Oklahoma Post-Conviction Procedure Act, 22 O.S. §§ 1080 *et seq.* The District Court denied relief and that denial was subsequently affirmed by the Court of Criminal Appeals of the State of Oklahoma. The grounds asserted by petitioner in his application for post-conviction relief were identical to those asserted herein. Thus, petitioner has exhausted the remedies available to him in the courts of the State of Oklahoma, as required by 28 U.S.C. § 2254(b) and (c).

Respondents submit, with their response, the Summary of Facts sheet completed at the time petitioner entered his plea of guilty in case number CRF–73–2825. They also submit a certified copy of the docket sheet and the Judgment and Sentence entered therein. These documents make it clear that the District Attorney, in open court, withdrew the After Former Convictions portion of the charge against petitioner, that petitioner pled guilty to a charge of Burglary in the Second Degree, and that he was convicted of only that offense, there being no reference to former convictions in the Judgment and Sentence. The four year sentence of imprisonment imposed upon petitioner was well within the statutory range of punishment for that offense. It is therefore clear that, even assuming the invalidity of the earlier convictions, the same were not employed to enhance petitioner's punishment in number CRF–73–2825.

Thus, petitioner cannot show entitlement to any relief herein on the grounds asserted.

Moreover, petitioner clearly does not meet the "custody" requirement of 28 U.S.C. §§ 2241(c) and 2254(a). The former provision states that the writ of habeas corpus does not extend to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States," and the latter states that the District Court may entertain an application for a writ of habeas corpus *only* on the ground that applicant "is in custody in violation of the Constitution or laws or treaties of the United States."

Where there is no relationship between an earlier sentence fully served and the sentence for which petitioner is currently held in custody, there is no jurisdiction to attack the earlier sentence in federal habeas corpus proceedings. *Brown v. Wainwright*, 447 F.2d 980 (5th Cir. 1971). Exceptions to the foregoing exist in cases where the petition is filed but no decision reached prior to the expiration of the sentence under attack and where there is a definite relationship between the prior conviction and the sentence then being served. As may be seen from the above recital of facts, neither exception is applicable here. The District Court in *Diehl v. Wainwright*, 423 F.2d 1108 (5th Cir. 1970), stated:

> "The two sentences under attack in the instant petition have long since expired and there is no way petitioner could receive any credit even if they were set aside."

This court has not been directed to any authority, and has found none, under which petitioner could be granted credit, against the sentence under which he is presently being held in custody, for time served on the earlier, allegedly void, convictions.

In view of the foregoing, the Petition for Writ of Habeas Corpus will be dismissed for lack of jurisdiction. *Tyler v. Swenson*, 527 F.2d 876 (8th Cir. 1976).