Timothy RUTLEDGE, Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 46350.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 18, 1983.

Thomas S. Hyatt, St. Louis, for plaintiff-appellant.

John Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

SNYDER, Judge.

This is an appeal from a judgment denying movant-appellant's Rule 27.26 motion to vacate a conviction and sentence. The record is somewhat ambiguous as to which of two convictions appellant seeks to vacate. Regardless of which conviction is the subject of the Rule 27.26 motion, the judgment is affirmed.

While confined in the St. Louis County Jail on a unrelated burglary charge, movant removed a 4' × 8' piece of pressboard from a wall of the jail's gym and knocked a hole in the drywall which constituted the wall of an adjoining storeroom. Movant then broke a window in the storeroom and escaped from captivity.

Movant pleaded guilty to one count of third-degree property damage and one count of escape from confinement. §§ 569.120, 575.210.2(2) RSMo.1978. Movant was sentenced to consecutive terms of imprisonment of four months for the former offense and seven years for the latter offense.

The statement of facts in movant's brief indicates that the movant seeks to vacate his conviction for property damage in the third degree. However, there are intimations in the legal file and in the argument

portion of movant's brief that movant seeks to vacate his seven-year sentence for escape from confinement or to have the four months which he has served for third-degree property damage credited against the sentence for escape from confinement.

■ If movant seeks to vacate the sentence for third-degree property damage, the Rule 27.26 motion was properly denied as moot because movant was no longer in custody for the third-degree property damage conviction. See *Newman v. State,* 504 S.W.2d 652, 653[1] (Mo.App.1974). If movant seeks to set aside his seven-year sentence for escape from confinement, the Rule 27.26 motion was properly denied for the reasons set forth below.

Although movant briefs two points relied on, the essence of this appeal is his contention that his convictions for escape from confinement and property damage in the third degree violate his constitutional right not to be tried twice for the same offense. U.S. Const.Amend. V, XIV. The contention is without merit.

■ No person shall "... be subject for the same offense to be twice put in jeopardy of life or limb ..." U.S. Const.Amend. V. The Fifth Amendment provision against double jeopardy is binding upon the states. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 2062[8, 9], 23 L.Ed.2d 707 (1969).

Movant's convictions for third-degree property damage and escape from confinement arguably arose out of the same act or transaction. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 182[3, 4], 76 L.Ed. 306 (1932).

■ The issue here is whether § 569.-120 and § 575.210.2(2) each requires proof of an additional fact which the other statute does not. Property damage in the third

degree requires proof either that the accused knowingly damaged the property of another or that the accused damaged property for the purpose of defrauding an insuror. § 569.120.1(1)(2). No proof of property damage is required under § 575.210. Conversely, escape from confinement, an essential element of § 575.210, is not required to prove an offense under § 569.120. Thus, each provision requires proof of an additional fact which the other does not.

The judgment is affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.